**STATE of Maine**

v.

**Edward BENNER.**

Supreme Judicial Court of Maine.

April 26, 1978.

William R. Stokes, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

Strong & Fletcher by James W. Strong (orally), Thomaston, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

WERNICK, Justice.

In a trial by jury held in the Superior Court (Knox County) in March, 1977 defendant Edward Benner was found guilty as charged in an indictment for burglary (17–A M.R.S.A. § 401), an indictment for criminal restraint (17–A M.R.S.A. § 302(1)(C)) and two indictments for terrorizing (17–A M.R.S.A. § 210). Defendant has appealed from each of the judgments of conviction entered on the verdict of the jury.

We are satisfied from a careful examination of the record that there is no reason to disturb the judgments of conviction for burglary and terrorizing, and without need for further discussion we deny defendant's appeals from each of those judgments. We further conclude, however, that the appeal from the judgment of conviction for criminal restraint must be sustained because the evidence shows that defendant is a parent of the child whom he is charged with restraining, and in such circumstances the crime of criminal restraint, as it is charged in the indictment against defendant, does not exist.

Defendant was divorced from his wife Carol Benner on July 14, 1976. Custody of their infant son was awarded to Mrs. Benner and defendant was granted the right to visit and be visited by his son at all reasonable times and places.

On January 3, 1977, defendant, armed with a rifle, went to the home of his former father-in-law (Franklin Nash) in Rockland where his former wife and their son, then aged 20 months, were residing. Defendant encountered David Gardner, a friend of Mrs. Benner, and at gunpoint ordered Gardner into the Nash house. Mrs. Benner attempted to deny defendant admission to the house. Defendant broke a window on the door, unlocked the door, forcibly entered the house, followed Mrs. Benner up the stairs, broke through a locked door and, observing that Mrs. Benner was attempting to use the telephone, pointed the rifle at her and demanded that she hang up the telephone. Defendant then took his son and left the Nash home. He returned the child to Mrs. Benner the following day. During the period that defendant had the child he remained within the State, in the Rockland area.

Defendant was accused and convicted of criminal restraint on the basis that he engaged in conduct violative of 17–A M.R. S.A. § 302(1)(C)(1).[1] Defendant's contention on appeal is that under Section 302 a parent commits the crime of criminal restraint of his child *only* by engaging in the conduct described in Section 302(1)(B). Defendant maintains that the explicit reference to the parent-child relationship in this one provision establishes it as the provision which the Legislature intended to be the *exclusive* source of criminality for the "restraint" of one's own child.

We agree with defendant's contention and therefore decide that on the evidence here presented, showing the defendant to be the parent of the infant child he was charged with having criminally restrained in violation of Section 302(1)(C)(1), defendant was entitled to be granted the judgment of acquittal for which he had made a timely motion at the close of all the evidence.

In 1965 the Legislature established as the public policy of this State that a parent cannot commit the crimes of kidnapping or unlawful confinement or transportation of his minor child.[2] The drafters of Section 302 of the Criminal Code recognized the significance of this prior statutory provision by stating in the 1975 Comment to Section 302 that:

1. In its entirety § 302 of 17–A M.R.S.A. provides:

"1. A person is guilty of criminal restraint if:
"A. He knowingly restrains another person; or
"B. Being the parent of a child under the age of 16, he intentionally or knowingly takes, retains, or entices such child from the custody of his other parent, guardian or other lawful custodian, and removes such child from the State, knowing that he has no legal right to do so; or
"C. Knowing he has no legal right to do so, he intentionally or knowingly takes, retains or entices:
(1) a child under the age of 14; or
(2) an incompetent person; or
(3) a child who has attained his 14th birthday but has not attained his 16th birthday, provided that the actor is at least 18 years of age, from the custody of his parent, guardian or other lawful custodian, with the intent to hold the person permanently or for a prolonged period.
"2. 'Restrain' has the same meaning as in section 301.
"3. Criminal restraint is a Class D crime."

2. Whereas 17 M.R.S.A. § 2051 previously did not expressly make any exception in the case of a parent, P.L. 1965, chap. 347, § 1 amended § 2051 to provide that:

"Whoever, except in the case of a minor by his parent, kidnaps or unlawfully confines, inveigles, decoys, imprisons, transports or carries another out of the State, or from place to place within it, shall be punished by imprisonment for any term of years."

Prior to this enactment, Maine had not specifically decided either legislatively or judicially whether a parent could be convicted for the kidnapping of his minor child. In summarizing the rule in other jurisdictions, Wharton's Criminal Law and Procedure § 378 (Anderson ed. 1957) states:

"In the absence of an order or decree affecting the custody of a child, it is generally held that a parent, or one assisting such parent, does not commit the crime of kidnapping by taking exclusive possession of the child. . . . A parent, or one assisting such parent, commits the crime of kidnapping by taking a child from another to whom its custody has been awarded by a decree of court."

"Subsection 1, paragraph B relates to custody disputes between separated parents and provides a penalty when the custody is interfered with by taking the child from the State. The present law in section 2051 of Title 17 provides a blanket exception from liability for kidnapping in the case of a parent taking his minor child."

In light of this Comment, and lacking any other enlightening indication of legislative intendment, we interpret Section 302 as continuing the prior policy immunizing the conduct by which parents assert possessory control over their own children—subject only to *one* newly created exception, as dealt with specifically in Section 302(1)(B) where the Legislature expressly mentions the parent-child relationship.

The entry is:

A—Appeal denied as to (1) the judgment of conviction for burglary and (2) each of the two judgments of conviction for terrorizing; each of said three judgments of conviction is affirmed.

B—Appeal sustained as to the judgment of conviction of criminal restraint; said judgment is set aside; case remanded to the Superior Court with directions that the Superior Court order entry of judgment of acquittal on the indictment charging defendant with criminal restraint in violation of 17–A M.R.S.A. § 302(1)(C).

DELAHANTY and NICHOLS, JJ., did not sit.